UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT M. RYAN,

Plaintiff,

-vs-

Case No. 15-cv-14085
Hon. Terrence G. Berg

SOAVE ENTERPRISES LLC; THE EXECUTIVE RETIREMENT AGREEMENT, a pension plan sponsored by Soave Enterprises LLC; and ANTHONY SOAVE, the guarantor of the pension benefits under the Executive Retirement Agreement,

Defendant

______________________________________/

ANTHONY SOAVE,

Counterclaim Plaintiff
and Third Party Plaintiff

-vs-

ROBERT M. RYAN,

Counterclaim Defendant, and

DISPOSAL MANAGEMENT, LLC, a Michigan limited liability company,

Third Party Defendant

______________________________________/

**DEFENDANT ANTHONY SOAVE'S**
**<u>COUNTERCLAIM AND THIRD PARTY COMPLAINT</u>**

Defendant Anthony Soave ("Soave") submits the following as his Counterclaim against Robert M. Ryan ("Ryan") and his Third Party Complaint against Disposal Management, LLC ("Disposal Management").

**The Parties**

1. Soave is an individual who resides in the City of Grosse Pointe Farms, County of Wayne, Michigan.

2. Ryan is an individual who resides in the City of Charlevoix, Michigan.

3. Disposal Management is a Michigan limited liability company, with its registered office located in Bloomfield Hills, Oakland County, MI.

**Common Factual Allegations**

**A. The ERA and Soave's Ownership Interest in Disposal Management.**

4. Ryan was an employee of Soave Enterprises, LLC ("Soave Enterprises").

5. On April 7, 1999, while an employee of Soave Enterprises, Ryan formed Disposal Management, a company that, according to Ryan, was "a new money making waste disposal business model". *See*, Doc.1, Complaint 40, 43.

6. Ryan admits that Soave owned and held a fifty (50%) membership interest in Disposal Management. *See*, Doc.1, Complaint, 43

7. Despite Soave's repeated requests, Ryan did not execute an operating agreement for Disposal Management.

8. On about February 26, 1999, Ryan signed an Executive Retirement Plan ("ERA") with Soave Enterprises, LLC ("Soave Enterprises"), his employer at the time. Soave Enterprises did not initially sign the ERA.

9. Several weeks later in time, Soave Enterprises signed but did not deliver, the ERA, but instead gave the ERA to Yale Levin, Executive Vice president of Soave Enterprises, with instructions not to deliver the ERA to Ryan until Ryan signed an operating agreement for Disposal Management.

10. Levin, on behalf of Soave, repeatedly told Ryan, beginning as early as June, 1999, that the ERA was not a final and binding contract, and Ryan was not entitled to deferred compensation benefits under the ERA, until he signed an operating agreement for Disposal Management.

11. Ryan nevertheless did not sign an operating agreement for Disposal Management.

**B. Ryan's 2005 Release of Any Claim to Deferred Compensation Benefits Under the ERA**

12. In 2005, Ryan was going through a divorce and property settlement proceedings and negotiations.

13. Ryan approached Levin and told him that he needed money, and asked whether Soave would provide him with a Loan Commitment for $1.5 million.

14. Levin told Ryan that Soave may be willing to arrange a loan commitment for Ryan, but only if he signed an operating agreement for Disposal Management.

15. In the alternative, Levin told Ryan that Soave would give up his 50% ownership interest in Disposal Management, and arrange the requested loan, if Ryan fully released Soave and Soave Enterprises from any claim, including any claim for deferred compensation benefits under the ERA.

16. On May 2, 2005, as Ryan admits, Ryan signed a General Release ("Release"), releasing Soave and Soave Enterprises, generally, and specifically from any claim for deferred compensation benefits under the ERA. *See*, Doc. 1, Complaint, ¶91.

**C. Ryan Claims Release is Invalid; Soave, Therefore, Remains Member of Disposal Management**

17. In his Complaint, Ryan now claims that the Release is not valid, lacks consideration, and for other reasons, does not "release Mr. Soave and Soave Enterprises from their obligations to pay ERA Plan benefits". See, Doc. 1, Complaint, ¶¶93-124.

18. If, in fact, Ryan did not release his claim to deferred compensation benefits under the ERA, as he now claims, then Soave has retained, and has always maintained, his fifty (50%) percent ownership interest in Disposal Management,

with all of the rights and remedies that a member has under Michigan's Limited Liability Company Act, and other applicable law.

**D. Ryan's Unauthorized Sale of Disposal <u>Management and Distribution of Sale Proceeds</u>**

19. Upon information and belief, in 2014, Ryan, without the approval of Soave, sold the assets of Disposal Management to a third party for an amount presently undetermined, but believed to be several million dollars (the "Sale Proceeds").

20. The Sale Proceeds are the property and assets of Disposal Management and, if distributed to its members, is required to be distributed in accordance with the members' percentage membership interest.

21. Upon information and belief, the Sale Proceeds were distributed solely to Ryan, notwithstanding the fact that he only owns a fifty (50%) membership interest.

22. None of the Sale Proceeds were distributed to Soave, notwithstanding the fact that he owns a fifty (50%) percent membership interest.

23. In fact, Soave has never received any distributions from Disposal Management.

24. Soave, therefore, is entitled to fifty (50%) percent of all actual or disguised/quasi/defacto distributions that Ryan has received from Disposal Management for the entire time period since April, 1999, including, but not limited

to, the Sale Proceeds, the distributions made in each year and any excess compensation paid to Ryan (which would constitute a disguised distribution).

**Count I**
**Claim for Distributions**
**(Against Ryan and Disposal Management)**

25. Soave incorporates by reference the foregoing allegations.

26. There is no operating agreement for Disposal Management that was even signed by its two members.

27. Consequently, Disposal Management is a member managed LLC which is managed by both of its members.

28. Pursuant to *MCLA 450.4404(1)*, Ryan, as a manager, was required to discharge the duties of manager in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner the manager reasonably believes to be in the best interests of the limited liability company.

29. Pursuant to *MCLA 450.4404(5)*, Ryan, as a manager, shall account to the limited liability company and hold as trustee for it any profit or benefit derived by the manager from any transaction connected with the conduct or winding up of the limited liability company or from any personal use by the manager of its property.

30. Pursuant to *MCLA 450.4304(2)*, any sale of Disposal Management's assets, and any distribution to its members, required the unanimous approval of both members, including Soave.

31. Pursuant to *MCLA 450.4307(1)(a)(b),* a distribution shall not be made if, after giving the distribution effect, 1 or more of the following situations would occur: (a) the limited liability company would not be able to pay its debts as they become due in the usual course of business; (b) the limited liability company's total assets would be less than the sum of its total liabilities plus, unless an operating agreement provides otherwise, the amount that would be needed, if the limited liability company were to be dissolved at the time of the distribution, to satisfy the preferential rights of other members upon dissolution that are superior to the rights of the member or members receiving the distribution.

32. Pursuant to *MCLA 450.4102(q)*, as a member of Disposal Management, Soave is legally entitled to receive his share of any distributions.

33. Pursuant to *MCLA 450.4303(1)(b),* absent an operating agreement, the distribution of Disposal Management's assets must be in equal shares to all members.

34. Pursuant to *MCLA 450.4304*, at the time Soave was entitled to a distribution of the assets of Disposal Management, he acquired the status of a

judgment creditor of Disposal Management with respect to the distribution, and is entitled to all remedies available to a judgment creditor.

35. Ryan and Disposal Management have violated the above referenced provisions of Michigan's Limited liability Company Act, as follows:

A. Upon information and belief, Ryan sold the assets of Disposal Management without the approval of Soave, the other manager-member;

B. Ryan and Disposal Management made distributions to Ryan without unanimous approval of the company's members, including, but not limited to, a distribution of one hundred (100%) percent of the Sale Proceeds;

C. Upon information and belief, from April, 1999 to the present, Ryan has received 100% of all other actual or disguised/quasi/defacto distributions without Soave's consent and without Soave receiving 50% of such distributions;

D. Ryan and Disposal Management did not provide Soave with any of the distributed assets, at any time; and

E. Ryan may have sold the assets of Disposal Management for less than their fair market value.

36. As a direct and proximate result of Ryan and Disposal Management's violations of the Act, Soave has been damaged in an amount presently undetermined, but believed to be several million dollars.

37. Soave, therefore, is entitled to a judgment in his favor, and against Disposal Management and Ryan, in an amount presently undetermined, but believed to be in the millions of dollars.

**Count II**
**<u>Statutory and Common Law Conversion</u>**
**(Against Ryan)**

38. Soave incorporates by reference the foregoing allegations.

39. Soave has a fifty (50%) percent ownership interest in Disposal Management and, therefore, is legally entitled to one-half (1/2) of all distributions of its assets and property.

40. One-half (1/2) of any and all of the assets of Disposal Management, that have been distributed are, therefore, his personal property.

41. Ryan knew that Soave is legally entitled to fifty (50%) of all distributions of Disposal Management assets.

42. By distributing the assets of Disposal Management that are the personal property of Soave, to himself, Ryan has engaged in a distinct act of wrongful dominion over the personal property of Soave in denial of, or inconsistent with his rights.

43. Accordingly, Ryan has knowingly and willfully converted the personal property of Soave for his own use and engaged in common law conversion and also violated *MCLA 600.2919a*.

44. Under *MCLA 600.2919a*, Soave is entitled to three (3) times the amount of his actual damages resulting from the conversion, plus costs and reasonable attorney fees.

45. Soave is, therefore, entitled to a judgment, trebled in his favor, and against Ryan, in an amount presently undetermined, but believed to be several million dollars, plus his costs and reasonable attorney fees.

**Count III**
**<u>Breach of Fiduciary Duty</u>**
**(Against Ryan)**

46. Soave incorporates by reference the foregoing allegations.

47. Disposal Management is a member-managed limited liability company.

48. As Manager and member, Ryan owes a duty of loyalty and good faith to Disposal Management and Soave, a member of Disposal Management, and he may not act in a manner that is inimical to Disposal Management's and Soave's best interests.

49. Upon information and belief, Ryan sold the assets of Disposal Management without Soave's approval, and made distributions to Ryan without unanimous approval of the company's members, including, but not limited to, a distribution of one hundred (100%) percent of the Sale Proceeds.

50. Ryan actions are a violation of his fiduciary duty, which have proximately caused Soave damage in an amount presently undetermined, but believed to be in several million dollars.

51. As a direct and proximate result of Ryan's fiduciary breach, Soave is entitled to a judgment in his favor, and against Ryan, in an amount presently undetermined, but believed to be several million dollars, plus costs and reasonable attorney's fees.

**Count IV**
**<u>Oppression</u>**
**(As To Ryan and Disposal Management)**

52. Soave incorporates the allegations of the foregoing paragraphs.

53. Ryan at all relevant times exercised control over Disposal Management.

54. Ryan, while in control of Disposal Management, engaged in acts that are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward Soave and/or Disposal Management, including the following conduct:

a. Ryan sold the assets of Disposal Management without Soave's consent, which was required;

b. Ryan distributed the Sale Proceeds solely to Ryan when Soave was a 50% member and entitled to 50% of such proceeds;

c. Ryan made distributions since 1999 solely to Ryan when Soave was a 50% member and entitled to 50% of such distributions;

d. Ryan, upon information and belief, paid excessive compensation to himself when such excessive compensation constituted a distribution and 50% of such excess should have been distributed to Soave; and

e. Ryan sold the assets of Disposal Management for less than fair value; and

f. Ryan made material decisions with respect to Disposal Management, a member-managed LLC, without obtaining Soave's consent to such actions as to the other 50% member.

55. Ryan's actions constitute oppression in violation of *MCLA 450.4515.*

56. As a result of Ryan's oppression, Soave is entitled to the relief set forth in *MCLA 450.4515*, including:

a. an award of damages equal to, at a minimum, Soave's 50% share of all actual and disguised/quasi/de facto distributions;

b. an award of additional damages to compensate Soave for any sale of Disposal Management's assets at less than fair market value or for other types of consideration that was provided only to Ryan (e.g., consulting contract, noncompete payment, etc.);

4:15-cv-14085-TGB-APP Doc # 15 Filed 01/26/16 Pg 13 of 14 Pg ID 125

c. the cancellation or alteration of appropriate provisions of Disposal Management's articles of organization or any operating agreement, so as to provide complete relief; and

d. the direction, alteration or prohibition, as appropriate, of any acts taken by Disposal Management, so as to provide complete relief.

57. Disposal Management is a defendant for purposes of this oppression count so the court can provide complete relief.

**Count V**
**<u>Unjust Enrichment</u>**
**(As to Ryan)**

58. Soave incorporates by reference the foregoing allegations.

59. Upon information and belief, Ryan has wrongfully received distributions of Disposal Management assets that Soave, as a member of the company, is legally entitled.

60. Ryan will be unjustly enriched if he were to retain the benefit of those distributions to which Soave is legally entitled.

61. Soave, therefore, is entitled to a judgment in his favor and against Ryan for fifty (50%) of any and all distributions Ryan has received as a member of Disposal Management, in an amount presently undetermined, but believed to be several million dollars.

## RELIEF SOUGHT

Soave respectfully request that this Court:

A. Enter judgment in favor of Soave, and against Ryan, in the amount to which Soave is entitled;

B. Award Soave his costs and attorneys' fees; and

C. Award Soave such other relief as may be deemed just and equitable under the circumstances.

/s/ Thomas M. Fallucca
Thomas M. Fallucca (P33805)
THE FALLUCCA LAW FIRM, P.L.C.
Attorney for Defendants
3400 E. Lafayette
Detroit, MI 48207
313-567-7004
tomfallucca@falluccalaw.com

## CERTIFCATE OF SERVICE

I hereby certify that on January 26, 2016, I electronically filed the foregoing documents with the clerk of the court, which will send notification of such filing to all parties of record.

/s/ Thomas M. Fallucca
Thomas M. Fallucca (P33805)
THE FALLUCCA LAW FIRM, P.L.C.
Attorney for Defendants
3400 E. Lafayette
Detroit, MI 48207
313-567-7004
tomfallucca@falluccalaw.com

20739236.2