UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT M. RYAN,

Plaintiff,

-vs-

Case No. 15-cv-14085
Hon. Terrence G. Berg

SOAVE ENTERPRISES LLC; THE EXECUTIVE RETIREMENT AGREEMENT, a pension plan sponsored by Soave Enterprises LLC; and ANTHONY SOAVE, the guarantor of the pension benefits under the Executive Retirement Agreement,

Defendant

______________________________________/

ANTHONY SOAVE,

Counterclaim Plaintiff
and Third Party Plaintiff

-vs-

ROBERT M. RYAN,

Counterclaim Defendant, and

DISPOSAL MANAGEMENT, LLC, a Michigan limited liability company,

Third Party Defendant

______________________________________/

**DEFENDANT ANTHONY SOAVE'S**
**AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT**

Defendant Anthony Soave ("Soave") submits the following as his Amended Counterclaim against Robert M. Ryan ("Ryan") and Amended Third Party Complaint against Disposal Management, LLC ("Disposal Management").

## **The Parties**

1. Soave is an individual who resides in the City of Grosse Pointe Farms, County of Wayne, Michigan.

2. Ryan is an individual who resides in the City of Bloomfield Hills, County of Oakland, Michigan.

3. Disposal Management is a Michigan limited liability company, with its registered office located in Bloomfield Hills, Oakland County, MI.

## **Common Factual Allegations**

### A. **The ERA and Soave's Ownership Interest in Disposal Management.**

4. Ryan was an employee of Soave Enterprises, LLC ("Soave Enterprises").

5. On April 7, 1999, while an employee of Soave Enterprises, Ryan formed Disposal Management, a company that, according to Ryan, was "a new money making waste disposal business model." *See*, Doc.17, Amended Complaint 43.

6. After the formation of Disposal Management, Ryan agreed to, and did in fact, orally assign a 50% interest in Disposal Management to Soave (the

"Ownership Agreement"). In fact, Ryan admits that he "ultimately" provided Soave a fifty percent (50%) co-membership interest in Disposal Management, a company he had previously formed in April, 1999. *See*, Doc.17, Amended Complaint, 43.

7. Despite Soave's repeated requests, Ryan did not execute an operating agreement for Disposal Management that memorialized Soave's membership interest.

8. On about February 26, 1999, Ryan signed an Executive Retirement Plan ("ERA") with Soave Enterprises, LLC ("Soave Enterprises"), his employer at the time. Soave Enterprises did not initially sign the ERA.

9. Several weeks later in time, Soave Enterprises signed but did not deliver the ERA, but instead but gave the ERA to Yale Levin, Executive Vice president of Soave Enterprises, with instructions not to deliver the ERA to Ryan until Ryan signed an operating agreement for Disposal Management.

10. Levin, on behalf of Soave, repeatedly told Ryan, beginning as early as June, 1999, that the ERA was not a final and binding contract, and Ryan was not entitled to deferred compensation benefits under the ERA, until he signed an operating agreement for Disposal Management.

11. Ryan nevertheless did not sign an operating agreement for Disposal Management. However, pursuant to the Ownership Agreement, Soave retained his

50% interest in Disposal Management and, at no time prior to 2005, did Soave discuss giving up that ownership interest.

**B. Ryan's 2005 Release of Any Claim to Deferred Compensation Benefits Under the ERA**

12. In 2005, Mr. Ryan was going through a divorce and property settlement proceedings and negotiations.

13. Ryan approached Levin and told him that he needed money, and asked whether Soave would provide him with a Loan Commitment for $1.5 million.

14. Levin told Ryan that Soave may be willing to arrange a loan commitment for Ryan, but only if he signed an operating agreement for Disposal Management.

15. In the alternative, Levin told Ryan that Soave would give up his 50% ownership interest in Disposal Management, and provide the requested loan commitment, if Ryan fully released Soave and Soave Enterprises from any claim, including any claim for deferred compensation benefits under the ERA.

16. On May 2, 2005, as Ryan admits, Ryan signed a General Release ("Release"), releasing Soave and Soave Enterprises, generally, and specifically from any claim for deferred compensation benefits under the ERA.

17. After signing the General Release on May 2, 2005, Ryan did not disclose, and fraudulently concealed, his contention that the General Release was invalid. Furthermore, Ryan had a duty to disclose to Soave that the General Release was invalid. In breach of that obligation, Ryan concealed his contention and failed to disclose the same to Soave, the effect of which was to lull Soave into believing from 2005 to 2015 that the General Release was effective and that he did not need to assert his rights under the Ownership Agreement. It was not until 2015, when Ryan first asserted that the General Release was invalid, that Soave's claims for the period after 2005 under the Ownership Agreement arose.

**C. Ryan Claims Release is Invalid; Soave, Therefore, Remained Member of Disposal Management**

18. In his Complaint, Ryan now claims that the Release is not valid, lacks consideration, and for other reasons, does not "release Soave or A. Soave of their obligations to pay ERA Plan benefits." See, Doc. 17, Amended Complaint, ¶¶111-149.

19. If, in fact, Ryan did not release his claim to deferred compensation benefits under the ERA, as he now claims, then Soave has retained, and has always maintained, his fifty (50%) percent ownership interest in Disposal Management, with all of the rights and remedies under the Ownership Agreement and that a

member has under Michigan's Limited Liability Company Act, and other applicable law.

**D. Ryan's Unauthorized Sale of Disposal <u>Management and Distribution of Sale Proceeds</u>**

20. Upon information and belief, in 2014, Ryan, without the approval of Soave, sold the assets of Disposal Management to a third party for an amount presently undetermined, but believed to be several million dollars (the "Sale Proceeds").

21. The Sale Proceeds are the property and assets of Disposal Management and, if distributed to its members, is required to be distributed in accordance with the members' percentage membership interest.

22. Upon information and belief, the Sale Proceeds were distributed solely to Ryan, notwithstanding the fact that he only owns a fifty (50%) membership interest.

23. None of the Sale Proceeds were distributed to Soave, notwithstanding the fact that he owns a fifty (50%) percent interest.

24. In fact, Soave has never received any distributions from Disposal Management.

**E. <u>Soave's Damages</u>**

25. Soave, therefore, is entitled to fifty (50%) percent of all actual or disguised/quasi/de facto distributions that Ryan has received from Disposal

Management for, at minimum, the period from 2005 to present or, in the alternative, for the following periods: with respect to Ryan's breach of the Ownership Agreement, six (6) years prior to the filing of Ryan's complaint; with respect to Ryan's oppression of Soave, three (3) years prior to the filing of Ryan's complaint; and with respect to Ryan's conversion, six (6) years prior to the filing of Ryan's complaint. Soave's entitlement includes, but is not limited to, the Sale Proceeds, the distributions made in each year and any excess compensation paid to Ryan (which would constitute a disguised distribution).

**Count I**
**Declaratory Relief**

25. Soave incorporates by reference the foregoing allegations.

27. As detailed throughout these Counterclaims, there is an actual case or controversy between the parties over whether Soave is entitled to a 50% ownership interest in Disposal management.

28. In the event the General Release is invalidated, Soave is entitled to a declaration that he is entitled to a 50% ownership interest in Disposal Management, including 50% of the proceeds from any sale of Disposal Management. Soave's entitlement is confirmed by, among other things, the following:

a) Ryan's admission that he provided Soave with a 50% ownership interest in Disposal Management (*i.e.*, the Ownership Agreement);

b) Ryan's purported 2015 rescission of the General Release, which, if permitted by the Court, would return the parties to the position they were in prior to the General Release, which includes reinstating Soave's 50% ownership interest in Disposal Management.

**Count II**
**Breach of Ownership Agreement**
**(Against Ryan)**

29. Soave incorporates by reference the foregoing allegations.

30. Ryan admits that, pursuant to the Ownership Agreement, Soave held a 50% ownership interest in Disposal Management.

31. In 2005, Soave and Ryan agreed that Soave would give up his 50% ownership interest in Disposal Management in exchange for Ryan's General Release of all claims against Soave and Soave Enterprises, including a release of any claim for deferred compensation benefits under the ERA.

32. In 2015, Ryan purported to rescind his General Release as invalid, claiming he remains entitled to deferred compensation benefits under the ERA.

33. If the General Release is rescinded, then the parties return to the position they were in prior to the General Release. In that circumstance, Soave remains a 50% owner of Disposal Management pursuant to the Ownership Agreement.

34. Ryan, however, has materially breached the parties' Ownership Agreement by, among other things:

a) refusing to acknowledge Soave's 50% interest; and

b) refusing to pay Soave 50% of the distributions, including from the sale of Disposal Management.

35. Soave is entitled to recover the benefits of his 50% ownership interest in Disposal Management for the period from and after the purportedly invalid 2005 General Release or, in the alternative, for the applicable limitations periods prior to Ryan's filing of this lawsuit.

36. As a direct and proximate result of Ryan's breach of the parties' Ownership Agreement, Soave has been damaged in an amount presently undetermined, but believed to be several million dollars.

37. Soave, therefore, is entitled to a judgment in his favor, and against Ryan, in an amount presently undetermined, but believed to be in the millions of dollars.

**Count III**
**Statutory And Common Law Conversion**

**(Against Ryan)**

38. Soave incorporates by reference the foregoing allegations.

39. Soave has a fifty (50%) percent ownership interest in Disposal Management and, therefore, is legally entitled to one-half (1/2) of all distributions of its assets and property.

40. One-half (1/2) of any and all of the assets of Disposal Management, that have been distributed are, therefore, his personal property.

41. Ryan knew that Soave is legally entitled to fifty (50%) of all distributions of Disposal Management assets.

42. By distributing the assets of Disposal Management that are the personal property of Soave, to himself, Ryan has engaged in a distinct act of wrongful dominion over the personal property of Soave in denial of, or inconsistent with his rights.

43. Ryan has knowingly and willfully converted the personal property of Soave for his own use and engaged in common law conversion and also violated *MCLA 600.2919a*.

44. Under *MCLA 600.2919a*, Soave is entitled to three (3) times the amount of his actual damages resulting from the conversion, plus costs and reasonable attorney fees.

45. Soave is, therefore, entitled to a judgment, trebled in his favor, and against Ryan, in an amount presently undetermined, but believed to be several million dollars, plus his costs and reasonable attorney fees.

**Count IV**
**Oppression**
**(As To Ryan And Disposal Management)**

46. Soave incorporates the allegations of the foregoing paragraphs.

47. Ryan at all relevant times exercised control over Disposal Management.

48. Soave is a member of Disposal Management.

49. Ryan, while in control of Disposal Management, engaged in acts that are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward Soave and/or Disposal Management, including the following conduct:

a. Ryan sold the assets of Disposal Management without Soave's consent, which was required;

b. Ryan distributed the Sale Proceeds solely to Ryan when Soave was a 50% member and entitled to 50% of such proceeds;

c. Ryan made distributions solely to Ryan when Soave was a 50% member and entitled to 50% of such distributions;

d. Ryan, upon information and belief, paid excessive compensation to himself when such excessive compensation

constituted a distribution and 50% of such excess should have been distributed to Soave; and

e. Ryan sold the assets of Disposal Management for less than fair value; and

f. Ryan made material decisions with respect to Disposal Management, a member-managed LLC, without obtaining Soave's consent to such actions as to the other 50% member.

50. Ryan's actions constitute oppression in violation of *MCLA 450.4515*.

51. As a result of Ryan's oppression, Soave is entitled to the relief set forth in *MCLA 450.4515*, including:

a. an award of damages equal to, at a minimum, Soave's 50% share of all actual and disguised/quasi/de facto distributions;

b. an award of additional damages to compensate Soave for any sale of Disposal Management's assets at less than fair market value or for other types of consideration that was provided only to Ryan (e.g., consulting contract, noncompete payment, etc.);

c. the cancellation or alteration of appropriate provisions of Disposal Management's articles of organization or any operating agreement, so as to provide complete relief; and

d. the direction, alteration or prohibition, as appropriate, of any acts taken by Disposal Management, so as to provide complete relief.

52. Disposal Management is a defendant for purposes of this oppression count so the court can provide complete relief.

## RELIEF SOUGHT

Soave respectfully request that this Court:

A. Issue a judgment declaring that if the General Release is invalid, Soave is entitled to a 50% ownership interest in Disposal Management, including 50% of the proceeds from any sale of Disposal Management;

B. Enter judgment in favor of Soave, and against Ryan, in the amount to which Soave is entitled;

C. Award Soave his costs and attorneys' fees; and

D. Award Soave such other relief as may be deemed just and equitable under the circumstances.

Dated: March 1, 2016

/s/ Thomas M. Fallucca
Thomas M. Fallucca (P33805)
THE FALLUCCA LAW FIRM, P.L.C.
Attorney for Defendants
3400 E. Lafayette
Detroit, MI 48207
313-567-7004
tomfallucca@falluccalaw.com